Filed 4/29/14  P. v. Nunez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RICHARD NUNEZ, JR.,<br><br>     Defendant and Appellant. | E060120<br><br>(Super.Ct.Nos. RIF1302664 &<br>  RIF1307709<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Loleena H. Ansari, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, in case No. RIF1302664, defendant

and appellant Richard Nunez, Jr., pled guilty to felony grand theft (Pen. Code, § 487,

1

subd. (c));[1] in return, the remaining charges were dismissed and defendant was sentenced to the low term of 16 months in state prison to be served concurrently with the agreed-upon term in case No. RIF1307709. In case No. RIF1307709, defendant pled guilty to robbery (§ 211); in exchange the remaining allegations were dismissed and defendant was sentenced to a stipulated term of two years in state prison. Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea as well as the validity of the plea. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2013, defendant took personal property from Jane Doe by force or fear in the County of Riverside.

On July 14, 2013, defendant took personal property from Trevor N. by force or fear in the County of Riverside.

On July 11, 2013, in case No. RIF1302664, a felony complaint was filed, charging defendant with robbery (§ 211; count 1) and misdemeanor battery (§ 243, subd. (e)).

On July 31, 2013, in case No. RIF1307709, a felony complaint was filed together with a petition to revoke defendant's probation in a prior case. The complaint charged defendant with robbery (§ 211; count 1); being an accessory after the fact (§ 32; count 2); and misdemeanor resisting an officer (§ 148, subd. (a)(1)). The petition to revoke

_____

[1] All future statutory references are to the Penal Code unless otherwise stated.

defendant's probation in case No. RIM1117174 alleged that defendant violated the terms and conditions of his probation by violating the law.

On October 16, 2013, defendant brought a *Marsden*[2] motion in both cases, claiming his trial counsel was not adequately working on his cases, explaining his maximum sentences, and making any counteroffers on his behalf. After examining defendant and counsel, the trial court denied the *Marsden* motion, finding defendant did not provide any evidence to show trial counsel failed to accomplish her duties or did anything wrong.

Defendant thereafter entered into negotiated pleas in both cases. In case No. RIF1302664, after the People added a third count of felony grand theft (§ 487, subd. (c)), defendant pled guilty to that added count. In return, the remaining charges would be dismissed and defendant would be sentenced to a stipulated term of 16 months in state prison to be served concurrently with the agreed-upon term in case No. RIF1307709. In case No. RIF1307709, defendant pled guilty to robbery (§ 211); in exchange the remaining allegations would be dismissed and defendant would be sentenced to a stipulated term of two years in state prison. Defendant also admitted to violating his probation in his prior case. After examining defendant, the trial court found the pleas and admissions were entered into freely and voluntarily; that defendant knowingly and intelligently waived his rights; and that there was a factual basis for his pleas. Defendant thereafter requested to be immediately sentenced. Defendant was

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

sentenced in accordance with his plea agreements and awarded 165 days credit for time served in case No. RIF1302664, and 95 days in case No. RIF1307709.[3]

On November 25, 2013, defendant timely filed a notice of appeal, challenging the sentence or other matters occurring after the plea as well as the validity of the plea. Defendant alleged that he received ineffective assistance of counsel and that he was coerced into pleading guilty. Defendant also requested a certificate of probable cause. On November 27, 2013, the trial court denied defendant's request for a certificate of probable cause.

II

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

---

[3] In his probation violation case, case No. RIM1117174, the trial court revoked and terminated defendant's probation, and sentenced defendant to 365 days with credit of 389 days for time served. The court noted that the probation case was "done" and that defendant's fines and fees were collectable as a civil judgment.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


RICHLI
J.


MILLER
J.

5